# Third District Court of Appeal

## State of Florida

Opinion filed December 10, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0250
Lower Tribunal No. 22-23125-CA-01
_____

**Rene A. Garcia,**
Appellant,

vs.

**City of Homestead,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Javier Enriquez, Judge.

Rene A. Garcia, in proper person.

Weiss Serota Helfman Cole & Bierman, P.L., and Laura K. Wendell, Eric I. Stettin and Aaron L. Graubert, for appellee.

Before LOGUE, GORDO and BOKOR, JJ.

PER CURIAM.

Affirmed.  See Comm. Carrier Corp. v. Indian River Cnty., 371 So. 2d 1010, 1014–22 (Fla. 1979) ("As a condition precedent to instituting an action on a claim against the state or one of its agencies or subdivisions, the claimant is required to give written notice to the appropriate agency or agencies and the action must be commenced within four years after such claim accrues. . . . [W]e agree with the respondents that the third-party complaints were deficient from the standpoint of properly alleging compliance with the notice provisions of section 768.28(6), Florida Statutes []. Compliance with that subsection of the statute is clearly a condition precedent to maintaining a suit.") (footnote omitted); see also City of Miami v. Sinquefield, 435 So. 2d 970, 970 (Fla. 3d DCA 1983) ("The trial court erred in not directing a verdict for the defendant municipality . . . . It was never pled nor proved that the plaintiff gave the municipality the required notice under Section 768.28(6) Florida Statutes []. The final judgment under review is reversed and the cause remanded to the trial court with directions to enter judgment for the municipality."); All Purpose Title, LLC v. Knobloch, 397 So. 3d 85, 88 (Fla. 4th DCA 2024) ("Summary judgment is appropriate where 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" (quoting Fla. R. Civ. P. 1.510(a))); Chowdhury v. BankUnited, N.A., 366 So. 3d 1130, 1134 (Fla. 3d DCA 2023)

2

("Our new summary judgment standard mirrors the standard for a directed verdict such that the inquiry focuses on 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" (quoting In re Amends. to Fla. R. Civ. Proc. 1.510, 309 So. 3d 192, 192 (Fla. 2020))).